

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
JUL 3 2012
Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| (1) PATRICK FOX, | ) |
| Plaintiff, | ) 12 CV - 373 TCK   TLW |
| vs. | ) |
| (1) NCO FINANCIAL SYSTEMS, INC. | ) VERIFIED COMPLAINT |
|  | ) (Unlawful Debt Collection Practices) |
| Defendant. | ) JURY TRIAL DEMANDED |

PLAINTIFF'S VERIFIED COMPLAINT

NOW COMES Plaintiff, Patrick Fox, and for his Verified Complaint against Defendant, NCO Financial Systems, Inc., alleges as follows:

INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

PARTIES

5. Plaintiff is a natural person who resides in Tulsa, County of Tulsa, Oklahoma.

VERIFIED COMPLAINT                                                        1

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Horsham, PA.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. As recently as mid-April, 2012, Defendant contacted Plaintiff on his mobile telephone number 918-XXX-2346 seeking and demanding payment for a debt purportedly owed as a result of a student loan taken by Plaintiff. Plaintiff spoke with Defendant's employees several times, including once as recently as mid-April, 2012 and discussed payment arrangements.

11. On or about May 1, 2012, Plaintiff received correspondence from Defendant, addressed to Plaintiff's residence, dated April 30, 2012, enclosing a Notice Prior to Wage Withholding.

12. Regardless of Defendant having Plaintiff's location information, on or about May 8, 2012 and again on May 15, 2012, an employee of Defendant named "Ariana" placed calls to Plaintiff's spouse's parents, deceptively claiming that she was attempting to contact Plaintiff and left a message for Plaintiff to contact her at 866 671 7231 Ext. 85690.

13. Upon information and belief, when requested, Defendant's employee agent Ariana refused to provide Plaintiff's spouse's parents with the Defendant's true legal name.

14. Defendant's employee agent contacted Plaintiff's spouse's parents more than one time.

15. Upon information and belief, at the time Defendant contacted Plaintiff's Spouse's parents, Defendant possessed valid, non-stale contact information for Plaintiff, including his home address and telephone number.

16. Defendant's sole purpose of contacting Plaintiff's spouse's parents was to harass, humiliate and embarrass Plaintiff, knowing that such conduct may cause Plaintiff to make a payment on the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated §1692b(1) of the FDCPA by refusing to provide Plaintiff's spouse's parents with Defendant's true legal name upon request;

b) Defendant violated §1692b(2) of the FDCPA by communicating with Plaintiff's spouse's parents when Defendant already had valid, non-stale contact information for Plaintiff;

c) Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiff's spouse's parents on more than one occasion without Plaintiff's permission, which was required after the first contact if the contact was to obtain location information;

d) Defendant violated §1692d of the FDCPA by engaging in conduct natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

e) Defendant violated §1692e(10) of the FDCPA by using deceptive means in

connection with the collection of Plaintiff's alleged debt;

**WHEREFORE**, Plaintiff, Patrick Fox, respectfully prays that judgment be entered against Defendant, NCO Financial Systems, Inc., for the following:

    a)    Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

    b)    Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

    c)    Any other relief that this court deems to be just and proper.

Respectfully Submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
115 W. 3rd St., Ste. 411
Tulsa, OK 74103
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OKLAHOMA            )
                             ) ss.
COUNTY OF TULSA              )

Plaintiff, Patrick Fox, states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Patrick Fox, hereby declare, certify, verify and state under penalty of perjury that the foregoing is true and correct.

6-29-2012
Date

_____
Patrick Fox,
Plaintiff